**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JING CHEN, | No. 11-72333 |
| Petitioner, | Agency No. A097-351-600 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2013[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Jing Chen petitions for review of a decision of the Board of Immigration

Appeals ("BIA"), affirming the immigration judge's ("IJ") denial of her

applications for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding.[1] *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) (adverse credibility findings are reviewed for substantial evidence and will be upheld unless the evidence compels a contrary result). Many of the adverse credibility findings were either not supported by the record or did not go to the heart of the claim.

However, the testimony and report of the forensic document examiner opining that Chen's documentary evidence is counterfeit supports the adverse credibility finding and goes to the heart of the claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) (holding that "[a] single supported ground for an adverse credibility finding is sufficient if it relates to the basis for [petitioner's] alleged fear of persecution and goes to the heart of the claim") (internal quotation marks and citation omitted) (alteration in original).[2] By relying on particular characteristics of the proffered bail receipt and hospital certificate that indicate

---

[1] Because the BIA cited *Matter of Burbano*, 20 I & N Dec. 872 (BIA 1994), while supplementing the IJ's analysis, we review both agency decisions. *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011).

[2] The pre-REAL ID Act standards for adverse credibility determinations govern this petition for review, as Chen filed her applications for relief before May 11, 2005. *Yan Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011).

2

counterfeiting, the IJ provided the requisite "specific, cogent reason" for rejecting that evidence. *Kumar v. Gonzales*, 444 F.3d 1043, 1050 (9th Cir. 2006). It is not material that the forensic document examiner could not state with certainty that the documents are fraudulent, since her report and testimony seriously called the documents' authenticity into question and the documents go to the heart of Chen's claim. *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004).[3]

**PETITION DENIED.**

---

[3] Chen has waived any challenge to the agency's denial of CAT protection by failing to raise the issue in her opening brief. *Don*, 476 F.3d at 739 n.2.